IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA J. HAYES,                       )
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )     Civil Action No. 11-281
                                        )
COMMISSIONER OF SOCIAL SECURITY         )
ADMINISTRATION,                         )
                                        )
          Defendant.                    )

ORDER

AND NOW, this 20th day of March, 2012, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on August 12, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on July 14, 2011,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

## I.   Background

On July 23, 2008, Plaintiff Theresa J. Hayes filed her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  Specifically, Plaintiff claimed that she became disabled on October 12, 2007, due to carpal tunnel in both hands and knee and back pain.  (R. 152).

After being denied initially on March 9, 2009, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 27, 2010.  (R. 73-77, 24-63).  In a decision dated April 14, 2010, the ALJ denied Plaintiff's request for benefits.  (R. 9-19).  The Appeals Council declined to review the ALJ's decision on January 25, 2011.  (R. 1-5).  On March 3, 2011, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record.  See 42 U.S.C. § 405(g).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner

2

of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id. at 317.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is

3

considered unable to engage in any substantial gainful activity
'only if his physical or mental impairment or impairments are of
such severity that he is not only unable to do his previous work
but cannot, considering his age, education, and work experience,
engage in any other kind of substantial gainful work which exists
in the national economy ....'"  Id. at 39 (quoting 42 U.S.C. §
423(d)(2)(A))  (emphasis in original).

        The Social Security Administration ("SSA") has promulgated
regulations incorporating a five-step sequential evaluation
process for determining whether a claimant is under a disability
as defined by the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  In
Step One, the Commissioner must determine whether the claimant is
currently engaging in substantial gainful activity.  See 20
C.F.R. §§ 404.1520(b), 416.920(b).  If so, the disability claim
will be denied.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
 If not, Step Two of the process requires the Commissioner to
determine whether the claimant is suffering from a severe
impairment.  See 20 C.F.R. §§ 404.1520(c), 416.920(c).  "An
impairment or combination of impairments is not severe if it does
not significantly limit [the claimant's] physical or mental
ability to do basic work activities."  20 C.F.R. §§ 404.1521(a),
416.921(a).  If the claimant fails to show that his or her
impairments are "severe," he or she is ineligible for disability
benefits.  If the claimant does have a severe impairment,

                                4

however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the Commissioner to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At Step Five, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the Commissioner should consider the claimant's RFC, age, education, and past work experience. See id. The Commissioner must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

## III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2012.  (R. 11).  Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date.  See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits.  In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability.  (R. 11).  The ALJ also found that Plaintiff had the following severe impairments: a depressive disorder, mild mental retardation, lumbar and cervical disc disease, left shoulder impingement, and obesity.  (Id.).  The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (Id.).

At Step Four, the ALJ found that Plaintiff retained the RFC to perform sedentary work with various limitations.  (Id. at 13).  Based on this RFC, Plaintiff established that she is incapable of returning to her past employment; therefore, the ALJ moved on to Step Five.  (Id. at 18).  The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform.

6

According to the ALJ, the VE testified that, based on Plaintiff's
age, education, past relevant work experience, and RFC, Plaintiff
could perform the requirements of representative occupations,
including surveillance system monitor, document preparer, and
telephone services, that exist in significant numbers in the
national economy.  (Id.).  Accordingly, the ALJ found that
Plaintiff was not disabled.  (Id. at 19).

## IV.  **Legal Analysis**

       Plaintiff contends that the ALJ erred in evaluating the
medical evidence of record which precludes her finding of non-
disability from being supported by substantial evidence.  After a
review of the record, the Court agrees that a remand is warranted
in this case.  Specifically, the Court finds that substantial
evidence does not support the ALJ's decision in this case because
she failed to (1) identify the specific work-related limitations
found by Plaintiff's treating physician, Dr. Anderson, (2) explain
why she rejected those limitations, and (3) resolve this
conflicting evidence with her finding of non-disability.
Accordingly, the Court will remand the case for further
consideration.

       In Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000), the United
States Court of Appeals for the Third Circuit wrote:

          A cardinal principle guiding disability eligibility
          determinations is that the ALJ accord treating
          physicians' reports great weight, especially when their
          opinions reflect expert judgment based on a continuing

> observation of the patient's condition over a prolonged
> period of time. Where, as here, the opinion of a
> treating physician conflicts with that of a non-
> treating, non-examining physician, the ALJ may choose
> whom to credit but cannot reject evidence for no reason
> or for the wrong reason. The ALJ must consider the
> medical findings that support a treating physician's
> opinion that the claimant is disabled.

Id. at 317 (citations and internal quotations omitted).  This

Circuit has "recognized that there is a particularly acute need

for some explanation by the ALJ when s/he has rejected relevant

evidence or when there is conflicting probative evidence in the

record."  Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981).

Indeed, an "ALJ's failure to explain h[er] implicit rejection of

[probative and conflicting] evidence or even to acknowledge its

presence" constitutes error.  Id. at 707.

The record in the present case contains a Medical Source

Statement from Dr. Anderson, Plaintiff's treating orthopedist, who

opined that Plaintiff was limited to lifting and carrying 2 to 3

pounds occasionally, standing and walking for 1 hour or less, and

was required to lie down 2 times per day for 30 minutes at a time.

(Doc. No. 7-8 at 82-83).  Dr. Anderson found that Plaintiff did

not have any limitations with reaching, handling, fingering,

feeling, seeing, hearing, speaking, tasting/smelling, and

continence.  He restricted Plaintiff from working around: poor

ventilation, heights, moving machinery, vibration, temperature

extremes, chemical, wetness, dust, noise, fumes, odors, gases, and

humidity.[1]   (Id. at 83).

     In her RFC determination, the ALJ found that Plaintiff was
able to perform sedentary work with the following limitations:

> [S]he is limited to *lifting/carrying less than 10 pounds
> frequently* and *10 pounds occasionally*; she can engage in
> no more than occasional postural maneuvers such as
> balancing, stooping, kneeling, crouching and climbing,
> however, she cannot engage in crawling; she cannot
> perform overhead work with the dominant left arm; she
> would be limited to occupations requiring no more than
> occasional pushing and pulling with the upper left
> dominant extremity, including the operation of hand
> levers; she can perform no prolonged writing or keyboard
> work; she must avoid exposure to vibration and cold
> temperature extremes; she cannot be exposed to dangerous
> machinery or unprotected heights; she is limited to
> occupations requiring no more than simple, routine,
> repetitive tasks not performed in a fast paced
> production environment, involving only simple, work
> related decisions, and relatively few work place
> changes, and no more than occasional interactions with
> supervisors, co-workers, and the general public; and she
> must lie down once a day for 30 minutes during work
> hours.

(R. 13) (emphasis added).

     In her RFC determination, the ALJ stated that she gave "great
weight" to "the opinion of claimant's orthopedist Dr. Anderson."
(Id. at 17).   She noted that her RFC "incorporates the

---

[1] In her brief, Plaintiff argues that Dr. Anderson also limited
Plaintiff to sitting for 2 hours and to "pushing and pulling in
the upper and lower extremities with no use of the left arm due to
left shoulder impingement."   Plaintiff's Brief in Support of
Summary Judgment (Doc. No. 10 at 5).   The Court, however, has
reviewed the cited exhibit and fails to see any sitting or
pushing/pulling limitations contained therein.   It appears that
there is a missing page in the exhibit because it proceeds from
page one to page three.   (Doc. No. 7-8 at 82-83).   Any information
contained on the missing page is not in the record and therefore

restrictions contained in Dr. Anderson's Medical Source Statement; he opines that claimant must lie down twice per day for 30 minutes, and I have limited her to lying down only once during an 8 hour work day, which appears to not be inconsistent with Dr. Anderson's assessment."   (Id.).

Notably absent from the ALJ's discussion, however, is any reference to Dr. Anderson's specific findings that Plaintiff had significant environmental restrictions, could only *occasionally* lift *2 to 3* pounds, and was unable to stand and walk for *more than an hour*.  Although the ALJ asserted that her RFC included the restrictions contained in Dr. Anderson's opinion, a review of the record clearly establishes the falsity of this statement.   (R. 17).  While she explicitly discussed Dr. Anderson's lie down requirement and incorporated a variation of it in her RFC finding, and while her RFC determination restricted Plaintiff from exposure to vibration, cold temperature extremes, dangerous machinery and heights, the ALJ nonetheless failed to identify the other work-related limitations Dr. Anderson included in his opinion; indeed, the ALJ did not even acknowledge their presence in the record. This was impermissible.  See Cotter, 643 F.2d at 707.

Dr. Anderson's opinion that Plaintiff could not lift more than 2-3 pounds occasionally or stand or walk for more than an hour directly conflicted with the ALJ's RFC finding that Plaintiff

cannot be considered by the Court.

was able to perform the lifting, standing and walking requirements of sedentary work, which necessitates the ability to lift up to 10 pounds as well as the ability to stand and walk approximately two hours in an eight-hour day. See SSR 83-10, 1983 WL 31251 (S.S.A.), at *5; Cf. Garibay v. Comm'r of Soc. Sec., 336 Fed. Appx. 152, 158-59 (3d Cir. 2009). The inability to lift 10 pounds or occasionally lift and carry items like docket files, ledgers, and small tools throughout the workday has the effect of eroding the unskilled sedentary occupational base. SSR 96-9P, 1996 WL 374185 (S.S.A.), at *6. Indeed, the "inability to lift or carry more than 1 or 2 pounds would erode the unskilled sedentary occupational base significantly." Id.

Likewise, the inability to stand and walk for approximately two hours in an eight-hour work day also erodes the occupational base for unskilled sedentary work. Id. If, however, an individual "can stand and walk for a total of *slightly less* than 2 hours" then the occupational base would not be significantly eroded. Id. (emphasis added). The question of whether Plaintiff's exertional limitations were as severe as her treating physician concluded was an issue ripe for discussion by the ALJ; her failure to resolve this significant discrepancy cannot be overlooked.

It is unclear as to how great weight could have been given to a medical opinion that directly conflicted with the ALJ's RFC

finding and she fails to offer a resolution of this conflict in her discussion.  If the ALJ rejected Dr. Anderson's opinion on the basis that the limitations he found were inconsistent with and not supported by the evidentiary record, then she was required to state as much on the record in order to enable meaningful judicial review.

Notwithstanding her comprehensive RFC determination, the work-related limitations contained in Dr. Anderson's Medical Source Statement clearly constitute relevant and probative evidence which directly conflicted with the ALJ's findings; these limitations also may have eroded the occupational base for unskilled sedentary work.  As such, the ALJ was obligated to explicitly address this contradictory evidence in her determination and was required to resolve this conflict with her RFC finding.  Her implicit rejection of this evidence, in the absence of any supporting explanation, prevents this Court from determining whether she considered all of the limitations contained in Dr. Anderson's statement in making her RFC determination and whether her rejection of this opinion evidence was proper.  See Cotter, 642 F.2d at 706-07.  In light of this error, the Court finds that substantial evidence does not support the ALJ's determination in this case.

Plaintiff's second contention that the ALJ erred in making her credibility determination is without merit.  It is well-

12

established that "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if she does not find it credible so long as she explains why she is rejecting the testimony." Hall v. Comm'r of Soc. Sec., 218 Fed. Appx. 212, 215 (3d Cir. 2007) (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999)); SSR 96-7p, 1996 WL 374186 (S.S.A.).

In finding Plaintiff's complaints not entirely credible, the ALJ considered her subjective complaints, but "considered those complaints in light of the medical evidence, her treatment history and all of the other evidence of record." Hall, 218 Fed. Appx. at 215. The ALJ engaged in a detailed discussion regarding the host of evidence in the record that contradicted Plaintiff's allegations of disability and sufficiently explained her credibility finding. Accordingly, the Court finds that her credibility finding is supported by substantial evidence.

## V.   Conclusion

In short, the ALJ's failure to discuss the specific limitations contained in Dr. Anderson's Medical Source Statement precludes this Court from determining whether the ALJ's RFC determination is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not

support the ALJ's decision in this case.  The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

                                    s/Alan N. Bloch
                                    United States District Judge

ecf:     Counsel of record